FILED
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT MARYLAND
FOR THE DISTRICT OF MARYLAND

2020 JUN -9  PM 2: 57

CLERK'S OFFICE
AT BALTIMORE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| v. | * | Criminal No. RDB-18-0593 BY____DEPUTY |
| MICHAEL GRAY, | * | |
| Defendant. | * | |

\*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*

## MEMORANDUM ORDER

Defendant Michael Gray ("Defendant" or "Gray") petitions this Court to issue an order transferring him from Federal Correctional Institution ("FCI") Butner, North Carolina to home confinement. After Gray pled guilty to one count of conspiracy to distribute and possess with intent to distribute marijuana, in violation of 21 U.S.C. § 846, this Court imposed a sentence of 1 year and 1 day of imprisonment. (Judgment & Commitment Order ("J&C"), ECF No. 42.) Gray self-surrendered on March 2, 2020. (Correspondence Concerning Self-Surrender Date, ECF No. 64; Paperless Order, ECF No. 65.)

Now pending are two letters submitted by Gray's attorney which request his transfer to home confinement. (ECF Nos. 67, 68.) According to representations made in these letters, Gray has been exposed to COVID-19 while incarcerated at FCI Butner and seeks his transfer to home confinement because he has preexisting conditions which potentially render him more susceptible to the illness, namely: diabetes, retinopathy, neuropathy, blood clots, hypertension, and high cholesterol. (*Id.*) Gray's attorney has also submitted an April 28, 2020 letter from the Federal Bureau of Prisons ("BOP") which denies Gray's request for a reduction in sentence. (ECF No. 68 at 2.) For the reasons stated herein, the letters submitted on Gray's

behalf (ECF Nos. 67, 68), construed as motions for transfer to home confinement, or, alternatively, for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), are DENIED.

Gray's counsel acknowledges that this Court does not have authority to direct the BOP to transfer inmates from a prison facility to home confinement.   (ECF No. 67 at 1.)  As Chief Judge James K. Bredar of this Court has recently explained, "[i]t is inherently the authority of the Bureau of Prisons to transfer an inmate to home  confinement, pursuant to 18 U.S.C. § 3624(c)." *United States v. Johnson*, JKB-14-0356, 2020 WL 1929459, at *2 (D. Md. April 21, 2020).  To the extent that Gray seeks an amendment to the J&C issued on September 16, 2019 to recommend home confinement, this Court lacks jurisdiction to issue such an amendment because more than 14 days have elapsed since the J&C was issued and Gray does not seek to correct a "arithmetical, technical, or other clear error." Fed. R. Cim. P. 35; *see also United States v. Larson*, 422 F. App'x 267, 269 (4th Cir. 2011) (holding that district court lacked jurisdiction to amend term of supervised release after the elapse of 14 days).

Gray's submissions may be construed as requests for compassionate release under 18 U.S.C. § 382(c)(1)(A)(i).  A prisoner may request a reduction in sentence to time served— sometimes called compassionate release—for "extraordinary and compelling reasons" pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  The First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194, established significant changes to the procedures involving compassionate release from federal prison.  Before the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i) provided the Bureau of Prisons ("BOP") with sole discretion to file compassionate release motions with the Court. With the passage of the First Step Act, defendants are now permitted to petition federal courts directly for compassionate release whenever "extraordinary and compelling

2

reasons" warrant a reduction in sentence. The Act permits a defendant to seek a sentence reduction after he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the Defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Once these mandatory conditions are satisfied, this Court may authorize compassionate release upon a showing of "extraordinary and compelling reasons" and after weighing the factors presented in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A)(i). As Judge Blake of this Court has recognized, the First Step Act authorizes the district courts to exercise their "independent discretion to determine whether there are 'extraordinary and compelling reasons' to reduce a sentence." *United States v. Bryant*, CCB-95-0202, 2020 WL 2085471, at *2 (D. Md. Apr. 30, 2020).

Gray appears to have exhausted his administrative remedies. On April 28, 2020, the Bureau of Prisons denied Gray's request for a reduction in sentence based on his medical conditions. (ECF No. 68.) Nevertheless, Gray has not presented "extraordinary and compelling reasons" for his release. Gray has not submitted any evidence to show that he is particularly susceptible to COVID-19 or that he has been exposed to COVID-19. Gray does not make any particular complaints about the efforts taken at FCI Butner to combat the illness. While the Presentence Investigation Report (ECF No. 37) indicates that Gray has diabetes and experienced a blood clot in his right leg (ECF No. 37 ¶¶ 48-49), these findings alone do not present "extraordinary and compelling" reasons for release.

Additionally, the 18 U.S.C. § 3553(a) factors do not warrant compassionate release at this stage. Among these factors, this Court is bound to consider the need for the sentence

3

imposed "to reflect the seriousness of the offense" and to "afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2). This Court must also consider the applicable Guidelines range. 18 U.S.C. § 3553(a)(4). Reducing Gray's sentence to time served would effectively result in a 3-month sentence, far below the applicable Guidelines range. (*See* Sentencing Memorandum, ECF No. 39 at 7-8) (\*SEALED\*).) Such a short sentence would not adequately reflect the seriousness of the offense or afford adequate deterrence.

Accordingly, it is HEREBY ORDERED this 8th day of June, 2020, that the letters submitted on Gray's behalf (ECF Nos. 67, 68), construed as motions for transfer to home confinement, or, alternatively, for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), are DENIED.

*Rell D. Bentt*

Richard D. Bennett
United States District Judge

4